IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHERESE FRANKLIN, <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION <br><br><br><br><br><br> Case No. 2:07-CV-615 TS |

Plaintiff filed her Complaint in this matter on August 21, 2007.[1] This case was subsequently referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).[2] The Magistrate Judge issued a Report and Recommendation on August 20, 2009.[3] This matter is before the Court for consideration of that Report and Recommendation.

The Magistrate Judge recommends that this case be reversed and remanded. That recommendation is based on the Magistrate Judge's findings that the ALJ: (1) improperly

---

[1]Docket No. 3.

[2]Docket No. 8.

[3]Docket No. 15.

1

evaluated the opinion of Plaintiff's treating physicians; (2) committed errors in the determination of Steps Two and Four; (3) improperly evaluated Plaintiff's credibility; and (4) that because of these errors, the ALJ's finding that Plaintiff's impairments did not meet or equal impairments under Listing 1.04(a) was flawed.  The Magistrate Judge further recommends that the Court remand with instructions for an immediate award of benefits or, in the alternative, that the case be remanded with instructions that a different ALJ handle the case.  Defendant has objected to each of the Magistrate Judge's findings.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a party has 10 days from their receipt of the Report and Recommendation to file an objection.  Defendant has filed an objection to the Magistrate Judge's Report and Recommendation.[4]  As Defendant has objected, the Court reviews the Report and Recommendation *de novo*.[5]

> In order to conduct a de novo review a court "should make an independent determination of the issues . . . ; [it] 'is not to give any special weight to the [prior] determination' . . . ."  "The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[6]

---

[4]Docket No. 17.

[5]28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

[6]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368, (1967); *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

## II. BACKGROUND

Defendant does not object to the Magistrate Judge's background statement.[7] The Court adopts that statement in whole and need not repeat it here.

## III. DISCUSSION

A.    TREATING PHYSICIAN'S OPINION

Plaintiff argues that the ALJ did not properly consider the treating source opinion of Dr. Goka and that the ALJ failed to give proper weight to other treating physicians.

The ALJ, in reviewing the opinions of treating sources, must engage in a sequential analysis.[8] First, the ALJ must consider whether the opinion is well-supported by medically acceptable clinical and laboratory techniques.[9] If the ALJ finds that the opinion is well-supported, then he must confirm that the opinion is consistent with other substantial evidence in the record.[10] If these conditions are not met, the treating physician's opinion is not entitled to controlling weight.[11]

This does not end the analysis, however. Even if a physician's opinion is not entitled to controlling weight, that opinion must still be evaluated using certain factors.[12] Those factors include:

---

[7]*See* Docket No. 15, at 1-3.

[8]*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

[9]*Id.*

[10]*Id.*

[11]*Id.*

[12]*Id.*

3

>(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[13]

After considering these factors, the ALJ must give good reasons for the weight he ultimately assigns the opinion.[14] If the ALJ rejects the opinion completely, he must give specific, legitimate reasons for doing so.[15]

The ALJ's treatment of Dr. Goka's opinion is as follows:

>In this case, the undersigned ALJ is not accepting the opinion of treating physician Richard Goka, M.D., because the opinion given on December 16, 1985 that claimant was unable to work and would be unemployable for the future is not supported by the record or the clinical notes. (see Ex. B-9, pg. 15) This is especially true in light of the fact that Dr. Goka had not seen the claimant since June 1985 before making this statement and did not see her again for almost a whole year on November 25, 1986. (Exhibit(s) B-9, pgs, 14 & 16) As well, the undersigned ALJ is not accepting the opinion of Dr. Goka given on June 3, 2004, whereupon, after being asked to comment on claimant's condition some 15 years prior, an almost impossible task, he opined that in 1989 claimant would have been classified as being employable in a less than sedentary environment and unable to work an 8-hour workday. (see Ex. B-19) The undersigned finds Dr. Goka's treatment to be too remote for him to go back and opine without substantial support and detail, and citation to medical reports. He cites to no medical records, and, in fact, did not make a complete review of the claimant's entire chart, having what appears to be only a few records before him. He obviously does not remember the big gaps of time for this particular time period, as is noted above in the description of the medical evidence - and he appears to be lumping everything together and making a blanket statement. For these reasons, the opinion of Dr. Goka is not entitled to controlling weight, and is not accepted.[16]

---

[13]*Id*. at 1301 (quoting *Drapeau v. Massanri*, 255 F.3d 1211, 1213 (10th Cir. 2001).

[14]*Id*.

[15]*Id*.

[16]R. at 23.

The Court finds, as did the Magistrate Judge, that the ALJ's opinion falls short of what is required. At most, the ALJ considered the first factor set out above: the length of the treatment relationship and the frequency of examination. The ALJ failed to consider the remaining factors. The ALJ failed to explain any inconsistencies in the record that would discredit Dr. Goka's opinion. Nor did the ALJ cite to any evidence from the record which contradicted Dr. Goka's opinion.

Further, the ALJ made a number of assumptions concerning Dr. Goka's 2004 opinion. The ALJ stated: "He obviously does not remember the big gaps of time for this particular time period, as is noted above in the description of the medical evidence - and he appears to be lumping everything together and making a blanket statement." These assumptions are not supported by the record. Rather than making such assumptions, the ALJ should have sought additional information from Dr. Goka to develop the record.[17]

The Court is also concerned, as was the Magistrate Judge, that the ALJ completely failed to discuss a number of other medical providers who could be considered treating physicians. While it is true, as Defendant argues, that the ALJ is not required to discuss every piece of evidence,[18] the Court finds that the failure to even mention a number of potential treating physicians is unacceptable. An ALJ must evaluate every medical opinion in the record.[19] The ALJ did not do so here.

---

[17] *See* 20 C.F.R. § 404.1512(e)(1).

[18] *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

[19] *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)).

Based on the above, the Court finds that the ALJ failed to apply the correct legal standard to the treating physicians in this matter.

B.	STEPS TWO AND FOUR

Plaintiff argues that the ALJ erred at Steps Two and Four of the sequential analysis. Step Two requires the ALJ to determine whether Plaintiff's impairments are severe. This is a de minimus standard.[20]

Here, the ALJ failed to find that Plaintiff's impairments were severe because there was insufficient evidence in the record to indicate that Plaintiff suffered from these impairments for twelve consecutive months prior to her last insured date in 1989.

Defendant appears to concede that the ALJ erred in determining that Plaintiff impairments were not severe. Indeed, there are numerous records which would indicate that Plaintiff's impairment was severe for more than twelve months before 1989. Defendant argues that any error was harmless. The Court cannot agree, especially where, as set forth above, the ALJ failed to apply the correct legal standard to the opinions of Plaintiff's treating physicians. Further, these errors clearly impacted the ALJ's analysis at Step Four.

C.	CREDIBILITY

Social Security Ruling ("SSR") 96-7p sets out relevant factors an ALJ should consider in determining credibility. These include:

> (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than

---

[20]*Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2006).

treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.[21]

In determining credibility, the ALJ must consider the entire case record.[22] However, the Tenth Circuit "does not require a formalistic factor-by-factor recitation of the evidence . . . [s]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility . . ."[23]

The ALJ discounted Plaintiff's subjective complaints, finding that she was not credible. "This [was] due mostly to the fact that, at both hearings, claimant had only a limited, or vague, recollection regarding her condition during the relevant time period."[24] The ALJ further stated that there was a lack of medical evidence to support Plaintiff's claims.

The Court finds that the ALJ failed to consider the majority of the above-listed factors. Further, the ALJ focused on the years of 1987, 1988, and 1989, rather than consider the entire record. That record contains a number of documents, beginning in 1982, which do support Plaintiff's contentions. Based on this, the Court finds that the ALJ failed to apply the correct legal standard in determining Plaintiff's credibility.

D.     WHETHER PLAINTIFF'S IMPAIRMENTS MET OR EQUAL LISTING 1.04(a)

Plaintiff argues that the ALJ erred in finding that Plaintiff's impairments did not meet or equal an impairment under Listing 1.04(a).

---

[21]SSR 96-7p.

[22]*Id.*

[23]*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[24]R. at 22.

The ALJ stated that "the claimant's attorney alleged that the claimant met or equaled Listing 1.04 of the Regulations. However, such allegations are inconsistent with the objective medical evidence and testimony of the claimant."[25] The ALJ did not state, however, how he reached this decision or what medical evidence was relied upon. Further, as a result of the ALJ's rejection of Plaintiff's treating and/or examining physicians, this conclusion is suspect.

E.   REVERSAL FOR THE PAYMENT OF BENEFITS

Based on the reasons set forth above, the Court finds that, at the very least, remand to the ALJ is required in this case. Plaintiff, however, urges that the Court reverse and remand for an immediate award of benefits. The Magistrate Judge found that the appropriate remedy here was to remand for an immediate award of benefits. Defendant argues that reversal for an award of benefits in this case is not appropriate.

The Court is permitted to award benefits without a rehearing.[26] In considering whether to award benefits, the Court considers the length of time the matter has been pending and whether remand for additional fact-finding would serve any useful purpose or would merely delay the receipt of benefits.[27] The Tenth Circuit has made clear that "[t]he Secretary is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion."[28]

---

[25]*Id*. at 19.

[26]42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

[27]*Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006).

[28]*Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993).

The Court is extremely concerned with the course that this matter has taken. Plaintiff initially filed for benefits in 1991 and more than eighteen years have now passed since that original application. Plaintiff has been before an ALJ on three separate occasions, with those decisions being remanded for various errors. The Court is concerned with those problems which are inherent with the passage of time, such as fading memories and loss of records. Despite these concerns, however, the Court finds that remand is appropriate here, with two conditions. First, the Court orders that a different ALJ consider this matter as the previous ALJ did not carry out his obligations in the prior two decisions. Second, the Court orders that the ALJ hear and decide this matter within four (4) months of the issuance of this Order. Plaintiff has waited long enough for a proper consideration of her application.

## IV.  CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 15) is ADOPTED as set forth above. It is further

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein. This matter is remanded with the instruction that a different ALJ handle this matter and that the ALJ hear and decide this matter within four (4) months of this Order.

The Clerk of Court shall enter judgment remanding this case and shall close this case forthwith.

DATED   September 22, 2009.

                                          BY THE COURT:

                                          _____
                                        TED STEWART
                                        United States District Judge